UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANTONIO PUTMAN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14 CV 2045 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Antonio Putman, a *pro se* prisoner, filed this habeas corpus petition challenging the prison disciplinary hearing (ISP 14-08-126) that was held at the Indiana State Prison on August 14, 2014. The Disciplinary Hearing Body (DHB) found him guilty of Violating State Law by possessing a synthetic drug look-alike substance in violation of A-100 and sanctioned him with the loss of 60 days earned credit time and demotion to Credit Class 2. Putnam raises four grounds in his petition.

First, he argues that there was insufficient evidence to find him guilty because the is no evidence that he intended to represent the green leafy substance found in a baggie hidden in his pillow as a real drug. However, "A person who possesses a synthetic drug or synthetic drug look-alike substance commits possession of a synthetic drug or synthetic drug look-alike substance, a Class B infraction." Indiana Code § 35-48-4-11.5(b). The statute does not require that the possessor represent the substance as anything – possession alone is sufficient.

"[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Here, Putnam does not dispute that he possessed the green leafy substance which looked like an illegal drug. Thus there was sufficient evidence to have found him guilty. Nevertheless, even if the DHB had been required to find that Putman was representing the green leafy substance as an illegal drug, the fact that he stored it in a baggie hidden in his pillow would have been sufficient evidence to find that the DHB was not arbitrary in reaching that conclusion. Therefore Ground One is not a basis for habeas corpus relief.

Second, Putnam argues that it was a violation of due process for the DHB not to have obtained a statement from the officer who found the green leafy substance in the baggie in his pillow. Though an inmate has a right to present relevant, exculpatory evidence, *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), prison officials are not required to present a statement from every conceivable witness. Here, the Conduct Report (DE 1-1 at 1) was written by the officer who tested the green leafy substance and a statement was written by an officer who was present when the hidden baggie was found. (DE 1-1 at 6.) Putnam was given the opportunity to request additional statements, but he

indicated "I do not wish to call any witnesses." (DE 1-1 at 3). Therefore Ground Two is not a basis for habeas corpus relief.

Third, Putnam argues that he should not have been found guilty because the field test of the green leafy substance was negative. If the test had been positive, the substance would have proven to be an illegal drug and he would have been disciplined for a different violation. But because the hidden green leafy substance looked like an illegal drug and probably because he was storing it like it was an illegal drug, he was properly charged and found guilty of possessing a synthetic drug look-alike substance. Therefore, Ground Three is not a basis for habeas corpus relief.

Fourth, Putnam argues that the State of Indiana should not be able to criminalize possession of synthetic drug look-alike substances. However, this statute has already been found to be constitutional. *Little Arm Inc. v. Adams*, 13 F. Supp. 3d 914, 925 (S.D. Ind. 2014). Ground Four is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4. This case is **DISMISSED**.

**SO ORDERED.**

Date: July 21, 2015

                                                                              s/James T. Moody  
                                                                              JUDGE JAMES T. MOODY  
                                                                              UNITED STATES DISTRICT COURT